Defendant-appellant Shomari S. Reid appeals from his conviction and sentence, following a no contest plea, upon a charge of Drug Possession. Reid contends that the trial court erred in denying his motion to suppress evidence, because the evidence was obtained as a result of an unlawful entry into an apartment in which Reid was then present. From our review of the record, we conclude that the police officers lawfully entered the apartment. Accordingly, we conclude that the trial court did not err in denying Reid's motion to suppress, and the judgment of the trial court is Affirmed.
 I
Reid was a visitor in an apartment located at 27 Central Avenue, in Dayton, when three police officers approached the door intending to advise the occupants of the apartment that there was a complaint of drug activity within. Before they were able to knock on the door, however, the door opened, and a woman left the apartment. The officers, at least one of whom had thirteen years of experience, smelled the odor of burning marijuana "waft" out of the apartment into the hallway.
One of the officers recognized Reid standing in the apartment, and spoke to him by name, whereupon Reid "looked startled and turned and ran through the apartment, jumped up on the window ledge and went out the window." Significantly, the apartment was on the third floor.
The officers ran after Reid, and attempted to grab him as he was jumping out of the window. One officer succeeded in grabbing the top of Reid's coat, but did not have enough of the coat to stop Reid from jumping out the window. Reid was injured as a result of his fall, and required medical assistance.
Inside the apartment, one individual was found sitting on the couch smoking marijuana. A large plate of crack cocaine was found near a bed, and a second plate containing cocaine residue and several razor blades was found on top of a television. Reid was arrested and charged with one count of Aggravated Trafficking, and one count of Drug Possession. Reid filed a motion to suppress. Following a hearing, his motion to suppress was overruled. Thereafter, he pled no contest to Drug Possession, and the Aggravated Trafficking charge was dismissed. Reid was sentenced on his plea to Drug Possession. From his conviction and sentence, he appeals.
 II
Reid's First Assignment of Error is as follows:
 THE DAYTON POLICE OFFICERS CONDUCTED AN ILLEGAL SEARCH AND SEIZURE.
The State contends that Reid had no standing to contest the search and seizure of the apartment. We find it unnecessary to determine whether Reid had standing because, assuming that he had standing, we find his argument to be without merit.
Dayton police sergeant Mike Wilhelm, one of the three officers who entered the apartment, testified that the owner of the apartment building had given him keys to the apartment building, and consent to search the common areas of the building, over which the owner had control.
Although the officers were preparing to knock on the front door of the apartment in which Reid was visiting, they never actually did so, the door being opened from inside before the officers knocked or otherwise announced their presence. Up to this point, then, there was no intrusion into the apartment in which Reid was visiting.
The officers had earlier talked to an individual who claimed that he had, on prior occasions, purchased drugs at that location, although he told the officers that they would not sell to him on that day.
The officers testified that they detected the odor of burning marijuana coming out of the apartment. At least one of the officers knew Reid, and spoke to him by name. Reid then ran to the back of the room, and jumped onto the window ledge. Sergeant Wilhelm testified that he had arrested Reid in the same apartment building a year and a half earlier, and that at that time Reid had met Wilhelm at an apartment door with an automatic weapon.
The officers testified that when Reid jumped onto the window ledge, it became apparent that he was going to jump out of the third-story window. Under these circumstances, the officers reasonably ran after Reid in an effort to prevent him from jumping, which might lead to his injury or his escape with possible evidence. As a result of the officers having run after Reid, there came into plain view an individual in the room smoking marijuana, and plates containing cocaine. At this point, the officers had probable cause for a search and seizure of the evidence.
Reid's First Assignment of Error is overruled.
 II
Reid's Second Assignment of Error is as follows:
THE CITY OF DAYTON'S KNOCK AND ADVISE RULE IS INVALID.
Reid contends that the knock and advise policy of the Dayton Police Department is an attempt to circumvent the restrictions of the Fourth Amendment by placing them in a position where they might see, hear or smell something that might indicate illegal activity.
We find it unnecessary to determine, in this case, whether the knock and advise policy of the Dayton Police Department violates the Fourth Amendment. Although the officers testified that they intended to conduct a knock and advise, that never actually occurred, because, before the officers knocked on the door to the apartment, and without their otherwise having advertised their presence, the door was opened from inside, and a woman left the apartment. Thus, by virtue of the police officers being present in the common area of the apartment building, with the consent of the building's owner, they were in a position to see inside the apartment, and to smell the odor of burning marijuana coming out from the apartment.
Reid's Second Assignment of Error is overruled.
 III
Both of Reid's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Karen L. Sollars
Risa C. McCray
Hon. Jeffrey Froelich